IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HOLGUIN-BRIONES, EVER ABRAHAM )
)
    Plaintiff, )
)
v. )
)
Kevin K. MCALEENAN, in his Official )
Capacity as the Acting Secretary of the )
Department of Homeland Security; )   Case No. CIV-19-513-D
William BARR, in his Official Capacity as )
the Acting U.S. Attorney General; )
Mark MORGAN, in his Official Capacity )
as the Acting Director of U.S. Immigration )
Customs & Enforcement; Miguel VERGARA, )
in his Official Capacity as U.S. Immigration )
and Customs Enforcement Field Office )
Director-Dallas; Paul HUNKER, in his Official )
Capacity as Dallas Office of Chief Counsel; )
Mark KOUMANS, Acting Director of U.S. )
Citizenship and Immigration Services; and )
8) Tony Bryson, Director of Texas Service )
Center Respondents. )
)
**)**
    Defendants. )

**ORDER**

Before the Court is Plaintiff's Motion for Temporary Retraining Order and Request for Emergency Stay [of] Removal [Doc. No. 3] ("TRO Motion").

Plaintiff states, in summary, that he became subject to a final removal order on May 17, 2019, when the Board of Immigration Appeals dismissed his appeal and denied a request for stay of removal on June 4, 2019. [Doc. No. 3 at 3]. Plaintiff further states that,

after the effective date of the removal order, he filed a Deferred Action for Childhood Arrivals ("DACA") renewal application on May 24, 2019.

Plaintiff asserts through counsel that he is currently being transported to the United States-Mexico border for removal. Plaintiff asks this Court to temporarily restrain Defendants from effecting his removal while his DACA renewal application is pending. Plaintiff asserts claims under 28 U.S.C. § 1361 stating *inter alia*, that certain Defendants have not acted on his May 24, 2019, DACA renewal application within a reasonable time. Also, although unclear, Plaintiff appears to assert a claim under the Constitution's Due Process Clause.

This Court lacks jurisdiction to hear the TRO Motion. Plaintiff asks the Court to prevent Defendants from acting upon an existing order of removal. Jurisdiction is precluded by 8 U.S.C. § 1252(g) which states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C.A. § 1252(g).

Thus, the Court, denies the instant TRO Motion.

**IT IS SO ORDERED** this 5th day of June, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

2